**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OPTIMA EXERCISE, LLC, | |
|      Plaintiff, | Civil Action No. _____ |
| v. | **(JURY TRIAL DEMANDED)** |
| KETTLER INTERNATIONAL, INC., | |
|      Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optima Exercise, LLC ("*Optima Exercise*" or "*Plaintiff*") hereby alleges and complains as follows:

### PARTIES

1.     Plaintiff Optima Exercise is a Texas limited liability company with its principal place of business in this district.

2.     Optima Exercise is the owner of all right, title, and interest, in and to U.S. Patent No. 6,626,800 ("the '*800 Patent*"), a copy of which is attached hereto as Exhibit A, and is entitled "Method of Exercise Prescription and Evaluation" and was duly and legally issued by the United States Patent and Trademark Office.

3.     Upon information and belief, Defendant Kettler International, Inc. ("Kettler") is a Virginia corporation with a principal place of business at 1355 London Bridge Blvd., Virginia Beach, VA 23453.

4.      Upon information and belief, Kettler manufactures, imports, sells and/or offers for sale exercise machines that infringe the '800 Patent.

### JURISDICTION AND VENUE

5.      This is a claim for patent infringement brought by Optima Exercise that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

6.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7.      Defendant is subject to personal jurisdiction in the state of Texas (this "***State***") and this judicial district consistent with the principles of due process.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe the '800 Patent within this judicial district, and this action arises from transactions of that business, including via its interactive websites, contact with consumers in this judicial district, and retail sales within this judicial district, including but not limited to sales through retailers such as BSN Sports, Sports Authority, and Academy Sports + Outdoors.

9.      Upon information and belief, Defendant transacted business, contracted to supply goods or services including but not limited to sales through retailers such as BSN Sports, Sports Authority, and Academy Sports + Outdoors, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

10.     Upon information and belief, Defendant placed infringing products for sale online and in retail stores, including but not limited to BSN Sports, Sports Authority, and Academy Sports + Outdoors stores, to be used, shipped, and sold in this judicial district.

11.     Upon information and belief, Defendant placed infringing products in the stream of commerce with the expectation that they would be bought and sold in retail stores, including but not limited to BSN Sports, Sports Authority, and Academy Sports + Outdoors stores, within this judicial district.

12.     Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels, including but not limited to sales through retailers such as BSN Sports, Sports Authority, and Academy Sports + Outdoors, with the expectation that such products will be purchased by residents of this State.

13.     Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has minimum contacts within the State and this judicial district, including via its websites, pursuant to due process and/or the Texas Long Arm Statute.

14.     Upon information and belief, Defendant regularly conducts business within this State and judicial district and Optima Exercise's causes of action arise directly from Defendant's business contacts and other activities in the State and this judicial district.

### THE ANTICIPATORY SUIT

15.     Optima engaged Patent Licensing Alliance ("PLA"), which specializes in research and sales of third party patents, to identify companies whose products and services may benefit from the technology covered by the '800 patent.

16.     On April 8, 2015, PLA sent a letter to Ludger Bushe, Senior Vice President for Kettler USA, explaining that PLA's research team identified Kettler's Ergo Racer, TX3, and UNIX models as models that utilize the technology claimed and disclosed in the '800 Patent.

17.     The letter indicated that although Kettler's products employed the patented technology without a license, Optima would prefer to negotiate a license with Kettler for the patented technology rather than pursuing an infringement action.

18.     Optima negotiated with Kettler but was unable to reach a settlement or negotiate a license with Kettler for use of the patented technology.

19.     On December 18, 2015, anticipating that Optima would bring this suit, Kettler filed suit against Optima in the Eastern District of Virginia, Case No. 3:15-cv-00767-JAG, seeking a declaratory judgment regarding the applicability of the patent at issue in this suit based on what amounts to an affirmative defense in this suit.

20.     Optima has not yet been served in that suit.

### FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 6,626,800

21.     Optima Exercise is the owner, by assignment, of all right, title and interest in and to the '800 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '800 Patent.

22.     Optima Exercise has complied with the provisions of 35 U.S.C. § 287.

23.     Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '800 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the Ergo Racer, TX3, and UNIX systems, each of which infringes one or more claims of the of the '800 Patent ("Accused Products").

24.     Defendant is liable for infringement of one or more claims of the '800 Patent, including, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Products.

25.     Defendant is liable for indirect infringement of the '800 Patent by inducing and/or contributing to direct infringements of the '800 Patent committed by end users of the Accused Products.

26.     At least from the time Defendant received this Complaint, by which it was given actual notice of the '800 Patent, Defendants induced infringement because they knew, or should have known, that their acts would cause patent infringement, and they acted with intent to encourage direct infringement by their end users.

27.     At least from the time Defendant received this Complaint, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for a combination covered by one or more claims

of the '800 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

28.     Defendants had knowledge of the '800 Patent and are infringing despite such knowledge.  The infringement has been and continues to be willful and deliberate.

29.     Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

30.     Defendants' infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '800 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A.     An entry of final judgment in favor of Plaintiff and against Defendant;

B.     An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     An injunction permanently prohibiting Defendant and all persons in active concert or participation with Defendant from further acts of infringement of '800 Patent;

D.     Treble damages as provided for under 35 U.S.C  § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

6

E.     Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F.     Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.


Dated:  January 15, 2016          By:     /s/ Joseph G. Pia              _____
                                          Joseph G. Pia
                                          State Bar No.  24093854
                                          Joe.Pia@padrm.com
                                          Brett J. Davis*
                                          bdavis@padrm.com
                                          Jedediah G. Brinton*
                                          jbrinton@padrm.com
                                          PIA ANDERSON DORIUS REYNARD & MOSS, LLC
                                          222 South Main Street, Suite 1830
                                          Salt Lake City, Utah 84101
                                          Telephone:  (801) 350-9000
                                          Fax:  (801) 350-9010
                                          *Pro hac vice applications to be filed.

                                          ATTORNEYS FOR PLAINTIFF